UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>             Plaintiff,<br><br>     v.<br><br>MERCY AYODALE, et al.,<br><br>             Defendants. | Case No.  1:24-cv-00538-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Candace Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on May 6, 2024.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.      Summary of Plaintiff's Allegations**

Plaintiff names the following defendants:  (1) Mercy Ayodele; (2) Uyi Igbinosun; and (3) Monica Carew.  (Doc. 1 at 2-3.)

Plaintiff utilized this Court's complaint form.  In the statement of claim section of the form, Plaintiff has not only written on the lines provided, but also in the margins above, below, and next to those lines.  The allegations and statements are disjointed and unclear.  The Court quotes the unedited complaint as follows:

> Upon such illegal constitutes commit a robbery ongoing robbery.  Stole all music & personal items sold them to amazon & mayor stairs.  Commence a violate attack and home invasion.  Uyi Igbinosun & Mercy Ayodele formulated a fake marriage to decieve and upon such Mercy used Uyi to rape & decieve me in order to gain access to my home.  She came in robbed my home home invaded & stole writings & Monica & Mercy sold writings of [illegible] Uyi robed me of 20,000 in course of action.

(Doc. 1 at 5) (unedited text).

Plaintiff further alleges:

> Mercy Ayodele came in hotel University Inn following me & drugging.  Trespassing room & drugging drinks & food March 13, 2024.  Stalking & following around.  Having sex in front of me & screaming yelling making weird sounds w/c Bobby Johnson  She has Bobby following me around and trying to rape me.  She is spreading HIV & drugging and murder her victims.

(Doc. 1 at 6) (unedited text).

///

2

Plaintiff also variously alleges:

> Mercy has been in affair with Bobby Johnson + Kathy Davis & Margret Mims all commiting acts of violene towards me due after w/c estanged boyfriend. Attack & stole all items out home. [¶] Mercy using nurse friends to drug us & family. Mercy murder & robbed our disabled mother.

(Doc. 1 at 5) (unedited text).

Additionally, Plaintiff asserts:

> (1) setup kidnapp kids w/c Uyi Igbinosun
> (2) Uyi Igbinosun filing false restraining orders
> (3) Mecy Ayodele drugging children & murdering others.

(Doc. 1 at 5) (unedited text).

### III.  Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to establish this Court's jurisdiction. As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend her complaint to the extent she can do so in good faith.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of her claims. While short, Plaintiff's complaint does not clearly state what happened. As indicated, Plaintiff's allegations are disjointed, unclear, and partially written in the margins. Plaintiff does not provide clear factual allegations. Without basic, clear information concerning what happened, the Court cannot determine if she states a cognizable claim for relief. If Plaintiff files an amended complaint, it should be a short and plain statement of her claims and it must include factual allegations related

to her claims that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

### B. Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. As pled, the complaint fails to allege this Court's subject matter jurisdiction.

#### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Although the form complaint indicates that the basis for Federal Court jurisdiction is diversity of citizenship, Plaintiff does not establish such diversity. First, Plaintiff does not allege that the parties' citizenship is completely diverse. According to the complaint, Plaintiff and Defendants all reside in California. (Doc. 1 at 2- 3.) Second, Plaintiff does not allege that the amount in controversy exceeds the sum or value of $75,000. Plaintiff indicates in the section for relief only as follows: "Upon such emotion distress/monetary & punitive." Thus, Plaintiff's complaint does not establish diversity jurisdiction.

#### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication

of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of the United States. Indeed, Plaintiff does not cite any particular federal statute or constitutional provision that would be applicable to the allegations in her complaint. Thus, Plaintiff's complaint does not establish federal question jurisdiction.

### IV.   Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to establish this Court's jurisdiction. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend her complaint to cure these deficiencies to the extent she is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action for failure to obey a court order and for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **May 22, 2024**              /s/ *Barbara A. McAuliffe*       
                                   UNITED STATES MAGISTRATE JUDGE