Case 1:24-cv-00538-JLT-BAM   Document 8   Filed 07/01/24   Page 1 of 7

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CANDACE SMITH, | | Case No. 1:24-cv-00538-BAM |
| | Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | | |
| MERCY AYODALE, et al., | | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| | Defendants. | (Doc. 6) |
| | | **FOURTEEN-DAY DEADLINE** |

Plaintiff Candace Smith ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. (Doc. 1.) For the reasons that follow, the Court will recommend that this action be dismissed for failure to obey a court order and for lack of jurisdiction.

**I.     Background**

Plaintiff initiated this action on May 6, 2024. (Doc. 1.) On May 23, 2024, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined that the complaint failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and failed to allege this Court's subject matter jurisdiction. The Court granted Plaintiff leave to amend within thirty (30) days of service of the Court's order. (Doc. 6.) Plaintiff was expressly warned that if she failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action for failure to obey a court order and for lack

1

of jurisdiction. (*Id.* at 6.) The deadline for Plaintiff to file her amended complaint has passed and Plaintiff has not complied with the Court's order. The Court therefore will recommend dismissal of this action.

## II. Failure to Allege Jurisdiction

### A. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Summary of Plaintiff's Allegations

Plaintiff names the following defendants: (1) Mercy Ayodele; (2) Uyi Igbinosun; and (3) Monica Carew. (Doc. 1 at 2-3.)

Plaintiff utilized this Court's complaint form. In the statement of claim section of the form, Plaintiff wrote on the lines provided, and in the margins above, below, and next to those

lines. The Court quotes the unedited complaint as follows:

> Upon such illegal constitutes commit a robbery ongoing robbery. Stole all music & personal items sold them to amazon & mayor stairs. Commence a violate attack and home invasion. Uyi Igbinosun & Mercy Ayodele formulated a fake marriage to decieve and upon such Mercy used Uyi to rape & decieve me in order to gain access to my home. She came in robbed my home home invaded & stole writings & Monica & Mercy sold writings of [illegible] Uyi robed me of 20,000 in course of action.

(Doc. 1 at 5) (unedited text).

Plaintiff further alleges:

> Mercy Ayodele came in hotel University Inn following me & drugging. Trespassing room & drugging drinks & food March 13, 2024. Stalking & following around. Having sex in front of me & screaming yelling making weird sounds w/c Bobby Johnson She has Bobby following me around and trying to rape me. She is spreading HIV & drugging and murder her victims.

(Doc. 1 at 6) (unedited text).

Plaintiff also variously alleges:

> Mercy has been in affair with Bobby Johnson + Kathy Davis & Margret Mims all commiting acts of violene towards me due after w/c estanged boyfriend. Attack & stole all items out home. [¶] Mercy using nurse friends to drug us & family. Mercy murder & robbed our disabled mother.

(Doc. 1 at 5) (unedited text).

Additionally, Plaintiff asserts:

> (1) setup kidnapp kids w/c Uyi Igbinosun
> (2) Uyi Igbinosun filing false restraining orders
> (3) Mercy Ayodele drugging children & murdering others.

(Doc. 1 at 5) (unedited text).

### C. Discussion

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are

two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.  As pled, the complaint fails to allege this Court's subject matter jurisdiction.

### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

The form complaint indicates that the basis for Federal Court jurisdiction is diversity of citizenship.  (Doc. 1 at 3.)  However, Plaintiff does not establish such diversity.  First, Plaintiff does not allege that the parties' citizenship is completely diverse.  According to the complaint, Plaintiff and Defendants all reside in California.  (Doc. 1 at 2- 3.)  Second, Plaintiff does not allege that the amount in controversy exceeds the sum or value of $75,000.  Plaintiff indicates in the section for relief only the following:  "Upon such emotion distress/monetary & punitive." (Doc. 1 at 6.)  Thus, Plaintiff's complaint does not establish diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of the United States. Indeed, Plaintiff does not cite any particular federal statute or constitutional provision that would be applicable to the allegations in her complaint.  Thus, Plaintiff's complaint


does not establish federal question jurisdiction.

**III.  Failure to Obey a Court Order**

    **A.**       **Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

    **B.**       **Discussion**

Here, Plaintiff's amended complaint is overdue. The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs

against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's May 23, 2024 screening order expressly warned Plaintiff that her failure to comply would result in a recommendation for dismissal of this action. (Doc. 6 at 6.) Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff's in forma pauperis status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

### III. Conclusion and Recommendation

The Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to obey the Court's order and for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 1, 2024**                              /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE