UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>             Plaintiff,<br><br>      v.<br><br>MERCY AYODALE, et al.,<br><br>             Defendants. | Case No.  1:24-cv-00538-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 9)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Candace Smith ("Plaintiff") proceeds pro se and in forma pauperis in this civil action initiated on May 6, 2024.  (Doc. 1.)  On May 23, 2024, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined that it failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and failed to allege this Court's subject matter jurisdiction.  The Court granted Plaintiff leave to amend within thirty (30) days.  (Doc. 6.)  Plaintiff failed to file a timely amended complaint.

On July 1, 2024, the Court issued Findings and Recommendations to dismiss the action based on Plaintiff's failure to obey the Court's order and for lack of jurisdiction.  (Doc. 8.)  On July 15, 2024, Plaintiff filed a document entitled "Amended Complaint and Objections," which the Court construed as an amended complaint.  (Docs. 9, 10.)  Based on the filing of the amended complaint, the Court vacated the Findings and Recommendations issued on July 1, 2024.  (Doc. 10.)  Plaintiff's first amended complaint, filed on July 15, 2024, is currently before the Court for

1

screening.  (Doc. 9.)

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

In her amended complaint, Plaintiff names the following defendants:  (1) Mercy Ayodele; (2) Uyi Igbinson; (3) Monica Carfew; and (4) Board of Nursing.  (Doc. 9.)  Plaintiff asserts that the defendants in this case are deemed "special agents from the country of Nigeria."  (*Id.* at 1.)  She claims that an attack against her was initiated by Mercy Ayodele and Monica Carfew Ayodele, both of whom brought Uyi Igbinson "into the matter as a means of setting up and plotting" Plaintiff's murder.  (*Id.*)  Plaintiff alleges multiple events dating back to the 1990s, which the Court does not recount in detail.  The Court nevertheless notes that Plaintiff repeatedly

1  alleges that Mercy Ayodele drugged various individuals, including Plaintiff, and raped or
2  attempted to rape various individuals.  (*See generally* Doc. 9.)  Plaintiff also alleges that Mercy
3  Ayodele "is hiding bodies in caves and is serial killer," masquerading as a "nurse and a nice
4  person." (Doc. 9 at 3.)  Plaintiff appears to allege that Mercy Ayodele is engaged in "domestic
5  terrorism." (*Id.* at 3, 4.)  She asserts that Mercy Ayodele "has had a history of stalking my family
6  and throwing them into fake marriages." (*Id.* at 3.)  Plaintiff claims that Mercy Ayodele is using
7  Uyi Igbinson "to hold hostage" Plaintiff's children.  (*Id.*)

8  Plaintiff cites various federal and state laws, including California Penal Code sections
9  related to robbery, stalking, and kidnapping.  (Doc. 9 at 4-5.)  Plaintiff asks the Court to punish
10 Mercy Ayodele, Monica Carfew and Uyi Igbinson for their crimes.

11 **III.     Discussion**

12 **A.  Federal Rule of Civil Procedure 8**

13 Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and
14 plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).
15 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
16 of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678
17 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
18 claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.
19 at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are
20 not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

21 Plaintiff's amended complaint is not a short and plain statement of her claims.  Plaintiff's
22 allegations include conclusory, fantastical, and inflammatory statements in a disjointed narrative
23 covering alleged events from the 1990s through March 14, 2024.  Plaintiff does not provide
24 clear, concise allegations against each individually named defendant sufficient to state a claim
25 that is plausible on its face.  Despite being provided with the relevant standard, Plaintiff has been
26 unable to cure the pleading deficiencies.

27 **B.  Federal Court Jurisdiction**

28 Federal courts are courts of limited jurisdiction and may adjudicate only those cases

3

authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. As pled, the amended complaint fails to adequately allege this Court's subject matter jurisdiction.

### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff's amended complaint does not establish diversity jurisdiction. First, Plaintiff does not allege that the parties' citizenship is completely diverse. Although Plaintiff suggests that defendants are "special agents from the country of Nigeria," she does not adequately allege that the parties' citizenship is completely diverse. Moreover, she references Defendant Uyi Igbinson's "house in the bay area, Oakland," which is presumptively in California. (Doc. 9 at 2.) Plaintiff also lists her address in California. (*Id.* at 1.) Second, Plaintiff does not allege that the amount in controversy exceeds the sum or value of $75,000. While Plaintiff seeks "monetary recourse," she does not specify any monetary value. (*Id.* at 5.) Thus, as pled, Plaintiff's amended complaint does not establish diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

4

1  *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of
2  federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v.*
3  *Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction
4  exists only when a federal question is presented on the face of the plaintiff's properly pleaded
5  complaint." *Id.*

6       As discussed, Plaintiff's amended complaint does not comply with the pleading
7  requirements of Rule 8.  Plaintiff does not allege any violation arising under the Constitution,
8  laws, or treaties of the United States upon which relief in this civil action may be premised.
9  Plaintiff does not cite any particular constitutional provision that would be applicable to the
10 allegations in her complaint.  Further, the federal laws that Plaintiff references do not establish
11 federal question jurisdiction because (1) the statutes she has identified do not provide a private
12 cause of action; and (2) she only generally refers to other federal laws without connecting her
13 allegations to those laws.  In particular, Plaintiff references claims for "domestic terrorism" (Doc.
14 9 at 4-5), violation of the "Immigration Marriage Fraud Amendments Act of 1986," 8 U.S.C. §
15 1325 (*id.* at 4), and (3) theft of intellectual property in the form of stealing patents, copyrights,
16 trademarks, or trade secrets (*id.* at 5).

17      First, the statute that Plaintiff names, namely for immigration marriage fraud defined
18 under 8 U.S.C. § 1325, does not provide for a private cause of action.  *See Saxena v. Saxena*, No.
19 2:21-cv-02197-JAD-DJA, 2022 WL 20655852, at *2 (D. Nev. Apr. 5, 2022)  ("Immigration
20 marriage fraud, defined under 8 U.S.C. § 1325, does not provide for a private cause of action. See
21 8 U.S.C. § 1235(c).").

22      Second, as to Plaintiff's assertion of "domestic terrorism," Plaintiff does not identify any
23 specific federal law or provision that has been violated or that supports a private cause of action.
24 As to the remaining reference to theft of intellectual property, Plaintiff does not explain how any
25 defendant violated any copyright, trademark, patent, or trade secret, nor does she point to any
26 specific provision of federal patent, copyright, trademark, or trade secret law that has been
27 violated.  Plaintiff alleges her belief "that Mercy and Monica was selling me off and stealing my
28 computers, music and writings out of my home.  Mercy stole all created intellectual ideas and

branded herself under a fake name." (Doc. 9 at 3.) These general and conclusory allegations are not sufficient to establish a violation of intellectual property laws.

Thus, Plaintiff's amended complaint does not establish federal question jurisdiction.

**C. Frivolous Nature of Action**

A complaint is frivolous within the meaning of 28 U.S.C. § 1915 "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson, et al.*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke,* 490 U.S. at 327). "The critical inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).

Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327, 328). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Plaintiff's allegations rise to the level of the irrational or wholly incredible. For example, as previously noted, Plaintiff alleges that Mercy Ayodele is "hiding bodies in caves and is [a] serial killer." (Doc. 9 at 3.) Plaintiff also alleges that Mercy Ayodele has a history of stalking Plaintiff's family "and throwing them into fake marriages that she benefit from people problems." (*Id.*) Plaintiff claims she recently spotted Mercy Ayodele and Bobby Johnson at a hotel on March 9, 2024, and that Mercy is "highly dangerous and had been recently following [Plaintiff] around the hotel and paying special cops to attack [her]." (*Id.*) Plaintiff also alleges her belief that Mercy Ayodele "is using her needles as a means as weapons and she purposely told a story of putting needles in the bathtub area and letting her swallow a syringe needles with unknown medications." (*Id.* at 2.) As another example, Plaintiff alleges that Mercy Ayodele "has made her own lab and hidden [Plaintiff's] items in a cave," and "is making biological items to attack and commence a war against the American people." (*Id.* at 3.) Plaintiff asserts that she is "citing that

Mercy cited a domestic attack against myself for no reason to robbed and steal my music and other items mention above and my disabled mother's money." (*Id.*)

Having conducted a review of the amended complaint, the Court concludes that it is frivolous, lacking an arguable basis in fact, and does not state a plausible claim for relief. Because the complaint is frivolous, the Court finds that Plaintiff should not be granted further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

### IV.    Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 19, 2024**           /s/ *Barbara A. McAuliffe*    
                                           UNITED STATES MAGISTRATE JUDGE